IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JONATHAN R., by
EMILY R.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 3:20-cv-01873-HL

**OPINON AND ORDER**

HALLMAN, United States Magistrate Judge:

Plaintiff Jonathan R. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied Plaintiff's application for childhood

---

[1] In the interest of privacy, this Findings and Recommendation uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

1 – OPINION AND ORDER

supplemental security income ("SSI") under Title II of the Act. 42 U.S.C. § 401 *et seq*. For the following reasons, this case is reversed and remanded for further proceedings.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

## BACKGROUND

### I. Administrative History

On January 31, 2018, Plaintiff's adoptive mother, Emily R., filed an application for childhood SSI on behalf of Plaintiff who was under 18 years old. Tr. 58.[2] Plaintiff's alleged disability onset date is April 5, 2011, which is his date of birth. Tr. 58, 285. The Commissioner denied his application initially on May 8, 2018, and on reconsideration on October 31, 2018. Tr. 58. Plaintiff subsequently requested a hearing, which was held on February 12, 2020, before Administrative Law Judge ("ALJ") Cynthia D. Rosa. *Id.* Plaintiff, Plaintiff's adoptive mother, and his foster mother, Rodica G., appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"), Nancy Winfrey, also testified. Tr. 85-116. On March 3, 2020, the ALJ issued a decision denying Plaintiff's claim. Tr. 58-79. Plaintiff requested Appeals Council review, which was denied on September 4, 2020. Tr. 1. Plaintiff then sought review before this Court.[3]

### II. Factual Background

Plaintiff was eight years old at the time of the hearing. Tr. 289. Plaintiff is alleged to have a disability based on "neurocognitive disorder associated with prenatal substance exposure, attention deficit/hyperactivity disorder, language disorder, r/o autism disorder." *Id.*

### III. Sequential Disability Process – Individuals Under 18 Years Old

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant under the age of 18 must demonstrate that he is not "engaging in substantial gainful activity" and has a

---

[2] Citations to "Tr." are to the Administrative Record. (ECF 7).
[3] The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636. (ECF 21).

"medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. *See also Johnnesha B. v. Comm'r of Soc. Sec. Admin.*, 3:20-CV-01132-BR, 2021 WL 2110875, at *1 (D. Or. May 25, 2021) (same).

The Commissioner has developed a three-step sequential inquiry to determine whether a claimant under 18 years of age is disabled within the meaning of the Act. 20 C.F.R. § 416.924(a). At step one, the Commissioner determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. If the claimant is not engaged in substantial gainful activity, then the Commissioner proceeds to evaluate the claimant's application for benefits under step two. 20 C.F.R. § 416.924(b).

At step two, the Commissioner determines whether the claimant has one or more severe impairments. An impairment is severe when it is more than a "slight abnormality or a combination of slight abnormalities" and causes more than "minimal functional limitations." 20 C.F.R. § 416.924(c). If the claimant does not have a severe impairment, then the claimant is not disabled. If the claimant has a severe impairment, then the Commissioner proceeds to evaluate the claimant's application under step three. 20 C.F.R. § 416.924(c).

At step three, the Commissioner determines whether the claimant's impairments "meet, medically equal, or functionally equal" any of the impairments listed in the social security administration ("SSA") regulations: 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(d)(1). If this equivalency test is met and the statutory duration requirement is satisfied, then the claimant is found disabled before he reaches 18 years of age. If the claimant's

impairments do not meet, medically equal, or functionally equal an impairment listed in the regulations, then the claimant is not disabled. 20 C.F.R. § 416.924(d).

"An impairment functionally equals a Listing when the child has marked limitations in two areas of functioning or an extreme limitation in one area." *Jessica C. v. Comm'r*, No. C20-5737 RSM, 2021 WL 1063431, at *1 (W.D. Wash. Mar. 18, 2021) (citing 20 C.F.R. § 416.926a(a)). "The six areas of functioning, or domains, are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being." 20 C.F.R. § 416.926a(b)(1). A marked limitation exists when an impairment "seriously" interferes with the claimant's "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation exists when a claimant's impairment interferes "very seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3).

## IV.    The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since his January 31, 2018, application date. Tr. 59.

At step two, the ALJ determined that Plaintiff has the following severe impairments: "attention deficit hyperactivity disorder (ADHD); generalized anxiety disorder; adjustment disorder; neurocognitive disorder (20 CFR 416.924(c))." Tr. 59.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 59-62. The ALJ also found that Plaintiff "does not have an impairment or combination of impairments that functionally equals the severity of the listings." Tr. 62. The ALJ found that Plaintiff has

"less than a marked" limitation in "acquiring and using information," "attending and completing tasks," "interacting and relating with others," and "the ability to care for himself"; and "no limitation" in "moving about and manipulating objects" and "health and physical well-being." Tr. 63-79. Accordingly, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning," and, therefore, Plaintiff is not disabled. Tr. 79.

## DISCUSSION

Plaintiff contends that the ALJ erred in considering the medical opinions of (1) Dr. Naomi Fishman, M.D., and (2) Dr. Patrick Ethel-King, Ph.D. Pl.'s Open. Br. 4-10, ECF 16. The Commissioner responds that the ALJ did not commit harmful legal error in either instance. Def.'s Br. 4-17, ECF 17.

For the reasons discussed below, the Court finds that the ALJ committed legal error in (1) failing to exhibit and consider one of Dr. Fishman's assessments of Plaintiff, which contained explanations of her opinions of Plaintiff's limitations, and (2) failing to articulate specific reasons for rejecting Dr. Ethel-King's medical opinion. Accordingly, the Commissioner's decision denying Plaintiff's claim is reversed and remanded for further proceedings.

**I.      Dr. Fishman**

Dr. Fishman is a child and adolescent psychiatrist. Tr. 1004. She completed a mental functional assessment of Plaintiff on November 20, 2019. Pl.'s Opening Br. Ex. 1 ("Ex. 1"), ECF 16-1. Although Plaintiff submitted the November 2019 assessment to the ALJ on

November 21, 2019, the ALJ did not exhibit this opinion into the administrative record or discuss it in her decision.[4]  *See* Pl.'s Open. Br., Ex. 2.

In the November 2019 assessment, Dr. Fishman opined that Plaintiff had an extreme limitation in interacting and relating with others; marked limitations in acquiring and using information and attending and completing tasks; a less than marked limitation in caring for himself; and no limitations in moving about and manipulating others and health and physical well-being.  Ex. 1 at 2-3.

Further, in her November 2019 assessment, Dr. Fishman provided explanations of her opinions.  Ex. 1 at 2-3.  In reasoning that Plaintiff had a marked limitation in acquiring or using information, Dr. Fishman explained that Plaintiff

> [c]an only acquire and use information if interested.  At home and school he requires significant support—can only be supplied with one piece of information at a time.  [He] often gives short responses and requires prompting and support to elaborate.  [He] struggles to recall what his is learning at school with this [MD].

Ex. 1 at 2.  In finding that Plaintiff had a marked limitation in attending or completing tasks, Dr. Fishman explained that Plaintiff

> [n]eeds to be given only one step direction at a time or he cannot follow—both at home and at school.  If he is not interested in completing a task, someone will have to be present to continue to support him in completing it and he will still resist and argue.  This is common.  Easily frustrated.

*Id.*  Finally, in reasoning that Plaintiff had an extreme limitation in interacting and relating with others, Dr. Fishman noted that "[e]asy escalations and physical aggression occur both at home and at school.  This has quite negatively impacted his ability to establish and maintain

---

[4] The Commissioner does not directly respond to Plaintiff's contention that Dr. Fishman's November assessment was submitted to the ALJ before the hearing.  Thus, given that the Commissioner does not dispute Plaintiff's claim or contend otherwise, the Court accepts Plaintiff's contention as true.

friendships. Serious escalation when visiting his previous adoptive home resulted in transfer to the Emergency Department for management of his agitation." *Id.*

Dr. Fishman also conducted assessments of Plaintiff on December 20, 2019, and January 29, 2020. Tr. 1000-04. In the December 2019 functional equivalence evaluation, Dr. Fishman reported that Plaintiff had the exact same limitations as he did in the November 2019 evaluation. *Compare* Ex. A at 2-3, *with* Tr. 1001-02. Dr. Fishman did not provide any explanations for her opinions of Plaintiff's limitations in the December 2019 evaluation, but she noted for the reader to see the previous form and comments that she provided, apparently referencing her November 2019 assessment. *See* Tr. 1000-04. In the January 2020 explanation, Dr. Fishman reported that Plaintiff did not experience the same escalations at school as he did at home. Tr. 1004. The ALJ exhibited both assessments to the administrative record. Tr. 1000-04.

The ALJ found that Dr. Fishman's December 2019 and January 2020 opinions were not persuasive because "her reports were not supported by supportive explanation and are inconsistent with her own observations of [Plaintiff] and the rest of the medical record." Tr. 69. In support of this finding, the ALJ reasoned that Dr. Fishman's opinions were not consistent with Plaintiff's Wechsler Intelligence Scale for Children V ("WISC-V") scores and academic testing, his ability to play on sports teams, his friendships, his ability to ride his bike around his neighborhood, and teacher reports that Plaintiff is redirectable in the classroom. *Id.*

Plaintiff argues that the ALJ failed to provide a legitimate reason, supported by substantial evidence, for finding Dr. Fishman's medical opinions unpersuasive because the ALJ failed to address or exhibit Dr. Fishman's November 2019 assessment into the administrative record.[5] Pl.'s Open. Br. 8. In support of that argument, Plaintiff attached two exhibits to his

---

[5] The Court notes that Plaintiff's counsel did not notify the ALJ at the hearing that any evidence

8 – OPINION AND ORDER

opening brief: Dr. Fishman's November 2019 evaluation, Pl.'s Open. Br., Ex. 1, and the tracking number demonstrating Plaintiff's submission of the November 2019 evaluation to the ALJ before the hearing. Pl.'s Open. Br., Ex. 2, ECF 16-2.

In response, the Commissioner moves to strike the exhibits as extra-record evidence that cannot be considered on appeal pursuant to 42 U.S.C. § 405(g). Def.'s Br. 5. The Commissioner argues that the exhibits constitute new evidence, so the Court may remand the case under sentence six of 42 U.S.C. § 405(g) ("sentence six") to modify the administrative record and incorporate the exhibits only if the evidence is material and that there is good cause for submitting the evidence. Def.'s Br. 5-6. In reply, Plaintiff counters that Dr. Fishman's November 2019 assessment is not "new," because it was available and submitted to the ALJ before the hearing, so a sentence six remand is unavailable. Pl. Reply Br. 1, ECF 18.

    A.    *Commissioner's Argument - Sentence Six Remand*

"[T]he district court may remand to the Commissioner of Social Security Administration only under sentence four or sentence six of § 405(g)." *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). Sentence Six of 42 U.S.C. § 405(g) provides that

> [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . .

---

was missing from the record: When the ALJ asked Plaintiff's counsel "[i]s the record complete or are we still waiting for something?" Plaintiff's counsel responded that "[t]he record is complete." Tr. 88. Plaintiff's counsel also did not resubmit Dr. Fishman's November 2019 assessment to the Appeals Council as additional evidence. *See* Tr. 2. However, the Commissioner does not raise any argument related to Plaintiff's counsel's confirmation that the medical record was complete or failure to raise any argument at the administrative hearing, so the Court does not discuss this issue in this Opinion and Order.

9 – OPINION AND ORDER

Essentially, "a remand under sentence six can be ordered only in two instances: 'where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.'" *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007) (quoting *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). A sentence six remand for new evidence is "appropriate when the district court learns of *evidence not in existence or available to the claimant at the time of the administrative proceeding* that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (emphasis added).

In this case, Dr. Fishman's November 2019 assessment is not considered "new evidence" that may be subject to the sentence six remand. As Plaintiff asserts in his reply, the November 2019 assessment was both in existence and available to the ALJ at the time of the administrative proceeding. Pl.'s Reply Br. 1. Although the Commissioner assumes that Dr. Fishman's November 2019 assessment is new evidence, and develops an argument under that standard, the Commissioner does not cite any authority for the proposition that the evidence is new. *See* Def.'s Br. 7-14. Additionally, at least one other district court determined that evidence that the Commissioner failed to exhibit into the record was not new evidence—and thus that court was not authorized to remand pursuant to Sentence Six—because the evidence was both in existence and available to the plaintiff at the time of the administrative proceeding. *See Edward W. v. Comm'r of Soc. Sec.*, 118CV01454JESJEH, 2019 WL 10372484, at *5 (C.D. Ill. Dec. 20, 2019), *report and recommendation adopted*, 1:18-CV-1454-JES-JEH, 2020 WL 2839283 (C.D. Ill. June 1, 2020). The same reasoning applies here: because the November 2019 assessment is not new evidence, the Court is not authorized to remand the case pursuant to sentence six.

### B.     Plaintiff's Argument - Sentence Four Remand

Because the Court is not authorized to remand the case pursuant to sentence six, the Court may only remand under sentence four of § 405(g) ("sentence four"). Pursuant to sentence four, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand under sentence four is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Hoa Hong Van*, 483 F.3d at 605.

The Ninth Circuit has repeatedly highlighted the "bedrock principle of administrative law" that a "reviewing court can evaluate an agency's decision only on the grounds articulated by the agency." *Ceguerra v. Sec'y of Health and Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss."). Pursuant to 20 C.F.R. § 404.1520(a)(3), the ALJ is required to "consider all evidence in [the] case record when [she] make[s] a determination or decision whether [the plaintiff] is disabled." Additionally, the ALJ will "generally admit into the record any evidence that he or she determines is material to the issues in the case. Evidence is material if it is relevant, *i.e.*, involves or is directly related to issues being adjudicated." Social Security Administration, Hearings, Appeals, and Litigation Law Manual ("HALLEX"), § I-2-6-58.

In this case, the ALJ committed legal error in failing to exhibit Dr. Fishman's November 2019 assessment. Based on Plaintiff's allegations in his pleadings, Dr. Fishman's November 2019 assessment contained material evidence because it directly involved the issue of Plaintiff's limitations. Pl.'s Open. Br. 7. Moreover, in failing to exhibit the November 2019 assessment,

the ALJ ignored material evidence that directly contradicted her reasoning for rejecting Dr. Fishman's opinions.  In rejecting Dr. Fishman's December 2019 assessment and January 2020 explanation, the ALJ determined that Dr. Fishman's opinions lacked "supportive explanation." Tr. 69.  However, Dr. Fishman's December 2019 assessment referred to her earlier, November 2019, assessment for the explanations of her opinions of Plaintiff's limitations.  According to Plaintiff's pleadings, Dr. Fishman's November 2019 assessment provided the relevant explanations for her opinions, and the ALJ was provided with Dr. Fishman's November 2019 assessment on November 21, 2019.  Pl.'s Open. Br., Ex. 2.

Therefore, the ALJ's failure to exhibit Dr. Fishman's November 2019 opinion was legal error, so the ALJ's reasoning for rejecting Dr. Fishman's other opinions was based on that legal error, which warrants reversal.[6]  *See Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (explaining that the Commissioner's decision may be disturbed when it is "not supported by substantial evidence *or* is based on legal error") (emphasis added).  Upon remand, the ALJ shall exhibit Dr. Fishman's November 2019 assessment into the record and reassess the weight assigned to Dr. Fishman's opinion.

---

[6] The Commissioner argues that any error is harmless because the ALJ's ultimate determination that Dr. Fishman's opinion was unpersuasive was supported by other substantial evidence in the record.  Def.'s Br. 8.  However, because the ALJ did not exhibit or consider Dr. Fishman's November 2019 assessment, the ALJ committed harmful legal error in failing to exhibit relevant evidence into the record.  Thus, because the evidence in Dr. Fishman's November 2019 decision may alter the weight that the ALJ placed on Dr. Fishman's opinions—namely, the ALJ's determination that Dr. Fishman failed to provide sufficient explanation for her opinions—the Court is unable to determine whether the ALJ's error was "inconsequential to the ALJ's ultimate nondisability determination."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## II.    Dr. Ethel-King

### A.    Legal Standard

For claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168818, 82 Fed. Reg. 5844-01, at *5867-68 (Jan. 18, 2017). Under the new regulations, the ALJ is no longer required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must consider all the medical opinions in the record and evaluate each medical opinion's persuasiveness using factors. *Id.* The two most important factors in determining a medical opinion's persuasiveness are the opinion's "supportability" and "consistency." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must articulate "how [he or she] considered the supportability and consistency factors for a medical source's medical opinions . . . in [his or her] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2).

With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ is not required to explain how he considered other factors, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3). Moreover, in reviewing the ALJ's decision, the Court must consider whether the ALJ's analysis has the

13 – OPINION AND ORDER

support of substantial evidence. *See* 42 U.S.C. § 405(j); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

      B.     *Analysis*

Dr. Patrick Ethel-King, Ph.D., is a clinical psychologist. Tr. 999. On August 22, 2019, Dr. Ethel-King conducted a psychological evaluation of Plaintiff. Tr. 993-99. In his assessment results of Plaintiff, Dr. Ethel-King reported that Plaintiff "exhibited articulation difficulties," "engaged in the testing process with moderate prompting," "demonstrated some impulsive and restless behaviors during testing," but that he "was cooperative throughout the testing process and appeared to put forth adequate effort on all testing activities." Tr. 995. He opined that Plaintiff's "overall adaptive functioning [was] in the borderline classification range." Tr. 998. He noted that Plaintiff "presents with deficits in his abilities to sustain his focus and concentration," that "he presents as impulsive and disorganized," and he "requires multiple prompts to complete activities." Tr. 999.

The ALJ did not explicitly reference or independently consider Dr. Ethel-King's psychological evaluation of Plaintiff. Instead, in citing to Dr. Ethel-King's evaluation as one example out of many, the ALJ determined that

> [t]here are multiple functional evaluations in the record that evaluate the claimant's functioning based on his parent's reports. These have been considered as reports of the parents, not separate opinions. Additionally, many of these reports predate the relevant period, and are inconsistent with the claimant's general behavioral improvements after his placement in a foster home and start on medication.

Tr. 69 (internal citations omitted).

Plaintiff asserts that the ALJ's failure to address Dr. Ethel-King's evaluation, combined with the ALJ's incorrect reasons for discounting that evaluation, constituted harmful error that warrants remand. Pl.'s Open. Br. 9-10. The Court agrees.

Although the ALJ is not required to address all medical opinions, the ALJ is required to explain why it rejected "significant probative evidence." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (internal quotations omitted); *see also Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995). In this case, the ALJ's proffered reasons for rejecting Dr. Ethel-King's opinions were insufficient and contrary to the record in several ways.

First, the ALJ erroneously rejected Dr. Ethel-King's evaluation on the basis that it was based on parent's reports rather than a medical opinion. Tr. 69. In recounting Plaintiff's relevant history, Tr. 993-94, Dr. Ethel-King explained that the information in those sections was "based solely upon comments made by [Plaintiff] and his foster mother during the interview, unless otherwise indicated." Tr. 993. Those sections recounted Plaintiff's psychiatric and mental health history, medical and health history, developmental history, educational history, and personal history on one page of the evaluation Tr. 994. The rest of evaluation, however, constituted Dr. Ethel-King's medical opinions of Plaintiff's functional abilities and limitations. *See* Tr. 995-99. Accordingly, the ALJ erroneously rejected Dr. Ethel-King's evaluation on the basis that the entire report constituted a parent's report when it did not.

Additionally, the ALJ incorrectly stated that Dr. Ethel-King's evaluation predated the relevant period before Plaintiff was placed in foster care and began medication. Tr. 69. Dr. Ethel-King's evaluation of Plaintiff occurred in August 2019. Tr. 993. Plaintiff alleges a disability onset date of April 5, 2011, his application for childhood SSI was filed on January 31, 2018, and the administrative hearing took place on February 12, 2020. Tr. 58. Dr. Ethel-King's evaluation further indicated that Plaintiff's "foster mother noted that he has been in foster care for approximately 2½ years" and that he was "currently being prescribed Risperdal 0.5mg; sertraline 50mg; guanfacine 1 mg tab; [and] melatonin 3mg." Tr. 994. Therefore, the ALJ failed

to adequately provide any reasons, supported by substantial evidence, why she rejected Dr. Ethel-King's opinions. Upon remand, the ALJ shall reconsider Dr. Ethel-King's opinions and explain the supportability and consistency of his medical opinions.

### III.     Remand for Further Proceedings

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (explaining that remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, there is still outstanding evidence that needs to be associated with the record to properly evaluate Plaintiff's limitations. Additionally, the ALJ failed to provide any sufficient or specific reasoning, based on substantial evidence, for rejecting Dr. Ethel-King's opinions. Upon remand, the ALJ should exhibit all evidence submitted, including Dr. Fishman's November 2019 assessment. Both Dr. Fishman's November 2019 assessment and Dr. Ethel-King's opinion shall be considered in relation to a properly developed record.

### CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, this case be REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 11th day of March, 2022.

                                                                            ANDREW HALLMAN
                                                                            United States Magistrate Judge